**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WILLIAM C. SMITH & CO., INC.,**<br>**Plaintiff,**<br>**v.**<br>**SMALL BUSINESS ADMINISTRATION,**<br>**Defendant.** | **Civil Action No. 23-439 (JDB)** |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant United States Small Business Administration's ("SBA") motion to dismiss plaintiff William C. Smith & Co., Inc.'s ("Smith & Co.") complaint. For the reasons explained below, the Court will grant defendant's motion and dismiss plaintiff's complaint without prejudice.

## Background

On February 16, 2023, Smith & Co. filed a complaint "seek[ing] review of the SBA's findings and decisions as set forth in its Decision No.: PPP-7310038410." Compl. [ECF No. 1] at 1. Smith & Co.'s two-sentence complaint, styled as a "petition for review," alleges that the SBA "denied [it] certain relief to which it was entitled under the Paycheck Protection Program of the Coronavirus Aid, Relief, and Economic Security Act." Id. at 1–2. Smith & Co. served the U.S. Attorney's Office with a summons on or about March 14, 2023.[1] On May 15, 2023, SBA filed a motion to dismiss on the ground that Smith & Co. did not meet the Federal Rules of Civil

[1] The parties dispute whether Smith & Co. served its summons on March 13, 2023 or March 14, 2023. This one-day difference is relevant to Smith & Co.'s motion to strike SBA's motion to dismiss as untimely. Mot. to Strike Mot. to Dismiss [ECF No. 12] at 2. Upon review of the submitted evidence, the Court finds that the U.S. Attorney's Office was served on March 14, 2023. See Service Package [ECF No. 13-1]; Decl. of Brian P. Hudak [ECF No. 13-2]; Second Decl. of Brian P. Hudak [ECF No. 18-1]. Even if the Court accepted March 13, 2023 as the date of service, the Court would not dismiss defendants' meritorious motion due to a one-day delay.

Procedure pleading requirements. Def.'s Mot. to Dismiss [ECF No. 10] ("Mot.") at 2. Smith & Co. filed a response in opposition. Smith & Co.'s Opp'n to Mot. [ECF No. 11] ("Opp'n"). This motion is now ripe for decision.

**Analysis**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). As relevant here, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). To survive a motion to dismiss, the complaint must contain enough factual allegations to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is "plausible on its face" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plausibility standard requires more than "naked assertions devoid of further factual enhancement" or "a formulaic recitation of the elements of a cause of action." Id. (cleaned up).

Smith & Co.'s bare complaint does not identify any alleged SBA misconduct or specific relief it seeks from this Court. See Repetto v. Huerta, 71 F. Supp. 3d 69, 72 (D.D.C. 2014) ("Nowhere in plaintiff's petition is there any mention of what [defendant] did improperly, nor is there any mention of what relief is sought. Plaintiff must at least set forth why he believes [defendant]'s decision is wrong and why that entitles him to relief to satisfy Rule 8(a)(2)."). Smith & Co. appears to admit its petition has not met the "well known" civil "Ashcroft standard," Opp'n at 3, but contends that it only needed to comply with Rule 15 of the Federal Rules of Appellate Procedure, which requires a petitioner to "name each party seeking review," "name the agency as

a respondent," and "specify the order or part thereof to be reviewed," see id. (quoting Fed. R. App. P. 15(a)(2)(A)–(C)). Thus, the question before the Court is whether a plaintiff must adhere to the requirements of Civil Rule 8 when seeking review of an agency action in this Court.

The Federal Rules of Civil Procedure, including Rule 8, "govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81."[2] Fed. R. Civ. P. 1. Smith & Co. attempts to circumvent Rule 8's pleading requirements by arguing that its petition is "not a complaint intended to initiate an action in litigation against SBA." Opp'n at 3. But the language in Rule 1 clearly applies to all civil actions and proceedings, not only to pleadings filed in the form of a more traditional complaint. The Court finds no textual support for Smith & Co.'s distinction.

Nor is the Court persuaded by Smith & Co.'s argument that the Federal Rules of Appellate Procedure apply because a "challenge to an [agency] final decision is in the nature of an appeal." Opp'n at 3–4. Cases in this Circuit refer to a district court as "sitting as an appellate tribunal" when it reviews agency action under the Administrative Procedure Act ("APA"). See, e.g., Marshall Cnty. Health Care Auth. v. Shalala, 988 F.2d 1221, 1225 (D.C. Cir. 1993); New LifeCare Hosps. of N.C. LLC v. Azar, 416 F. Supp. 3d 11, 19 (D.D.C. 2019). But this language describes the nature of the court's role in APA cases as similar to that of a court of appeals: rather than engaging in factfinding, a district court reviews the "entire case" as "a question of law." Am. Bioscience, Inc. v. Thompson, 269 F.3d 1077, 1083 (D.C. Cir. 2001). District courts in APA cases are not formally transformed into courts of appeals, however, and the Federal Rules of Civil Procedure continue to apply to agency challenges. See, e.g., Nat'l Oilseed Processors Ass'n v. Browner, 924 F. Supp. 1193, 1197 (D.D.C. 1996); Forsyth Mem'l Hosp., Inc. v. Sebelius, 639

[2] The provisions listed in Fed. R. Civ. P. 81 are inapplicable here.

F.3d 534, 537 (D.C. Cir. 2011); cf. Fed. R. App. P. 1(a)(1) ("These rules govern procedure in the United States courts of appeals." (emphasis added)).

The Court agrees with Smith & Co. that "[t]here are specific federal rules that govern appellate procedure in the federal court system of agency decisions, as well as a specific appellate rule governing the requirements of a petition for review." Opp'n at 4. But, as another judge in this District concluded, these rules apply to petitions filed with the courts of appeals, not with district courts. See Repetto, 71 F. Supp. 3d at 72 n.1 (differentiating between petitions for review filed with a district court and petitions for review filed with an appellate court). As Smith & Co. has failed to meet the Federal Rules of Civil Procedure pleading requirements, the Court will grant SBA's motion and dismiss Smith & Co.'s complaint without prejudice.[3]

## Conclusion

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [10] SBA's motion to dismiss is **GRANTED**; it is further

**ORDERED** that Smith & Co.'s [12] motion to strike SBA's motion to dismiss is **DENIED**; and it is further

**ORDERED** that [1] Smith & Co.'s complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: November 8, 2023

[3] Smith & Co. requested leave to amend its complaint if the Court found it was bound by the Federal Rules of Civil Procedure pleading standard. Opp'n at 5–6. But while courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), they should do so "only when the plaintiff actually has moved for leave to amend the complaint; absent a motion, there is nothing to be freely given." Kenny v. Simon, Civ. A. No. 23-772 (BAH), 2023 WL 6960385, at *5 (D.D.C. Oct. 20, 2023) (quoting Schmidt v. United States, 749 F.3d 1064, 1069 (D.C. Cir. 2014) (internal quotation marks omitted)).